[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13259
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00453-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOB DAVID PADILLA-BATRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 29, 2014)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Bob David Padilla-Batres appeals his 120-month sentence after pleading

guilty to one count of conspiracy to possess with intent to distribute, and to

distribute, more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(2)(B), & 846.  Mr. Padilla-Batres argues that the district court erred in concluding that the time limits in 21 U.S.C. § 851(e) barred him from collaterally attacking a prior felony drug conviction used to enhance his sentence under 21 U.S.C. § 841(b)(1)(B)(ii)(II).

We review *de novo* whether § 851(e) barred Mr. Padilla-Batres' collateral attack on his prior conviction as this question involves a matter of statutory interpretation.  *United States v. Mikell*, 102 F.3d 470, 474 (11th Cir. 1996).  Following a review of the record and the parties' briefs, we affirm.

# I

"[A]fter a prior conviction for a felony drug offense has become final," a defendant convicted of a violation of § 841(a) involving more than 500 grams of cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment."  21 U.S.C. § 841(b)(1)(B)(ii)(II).  Mr. Padilla-Batres pled guilty to one count of conspiracy to possess with intent to distribute, and to distribute, more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and he does not dispute that he had previously pled guilty to a felony drug offense in Puerto Rico in 1996.  He, instead, challenges the use of this prior conviction to enhance his sentence because the Puerto Rico plea

proceedings allegedly "did not comport with constitutional safeguards." Appellant's Br. at 11.

Although § 851 provides a procedure for the defendant to contest the validity of a prior conviction used to enhance his sentence under § 841(b)(1)(B), we have held that "[a] trial court is not required to adhere to the rituals of § 851(b) where a defendant, as a matter of law, is precluded from attacking the conviction forming the basis of the enhancement information." *United States v. Weaver*, 905 F.2d 1466, 1482 (11th Cir. 1990) (internal quotation marks and citation omitted). Here, Mr. Padilla-Batres' challenge to his prior conviction was barred as a matter of law under § 851(e), which prohibits a defendant from "challeng[ing] the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction." 21 U.S.C. § 851(e). The prior felony conviction used to support Mr. Padilla-Batres' sentencing enhancement occurred in 1996, almost 17 years before the United States filed the enhancement information notifying Mr. Padilla-Batres that he was subject to a statutory-minimum sentence of 10 years' imprisonment. Accordingly, Mr. Padilla-Batres' collateral attack on this conviction was time-barred by § 851(e).

Mr. Padilla-Batres argues that "an exception should be made as to the five-year limitation" because he "raised and established by a preponderance of the evidence a very specific and important constitutional claim."  Appellant's Br. at 16.  On its face, however, § 851(e) contains no exceptions for constitutional claims.  Contrary to Mr. Padilla-Batres' argument that due process "mandates" an opportunity to contest the validity of his prior conviction, *see id.* at 17, we have held that the time-limits under § 851(e) do not violate a defendant's due process and equal protection rights.  *See United States v. Williams*, 954 F.2d 668, 673 (11th Cir. 1992) (upholding the constitutional validity of § 851(e)'s limitations period because it is "reasonably tailored to impose enhanced sentences on recidivists").

## II

Due to the time limitation imposed by § 851(e), we need not address the merits of Mr. Padilla-Batres' collateral attack on his prior felony conviction.  We note, however, that Mr. Padilla-Batres had the burden of proving by a preponderance of the evidence the alleged constitutional infirmity of his prior conviction.  *See* 21 U.S.C. § 851(c)(2).

Mr. Padilla-Batres argues that he did not knowingly and voluntarily plead guilty to the prior felony drug offense because he had not been advised of his constitutional rights, including the right against self-incrimination, the right to a jury trial, and the right to confront his accusers, during the proceedings in Puerto

Rico.  But he did not testify in support of his challenge to the prior conviction. And because the transcripts of his prior conviction's plea and sentencing hearings are not available, Mr. Padilla-Batres concedes that "it [cannot] be concluded with any reasonable certainty that [he] was fully advised of his Constitutional protections."  Appellant's Br. at 18.  Accordingly, even if his challenge were timely, he did not present sufficient evidence to meet his burden of proof under § 851(c)(2).[1]

### III

For the foregoing reasons, the district court correctly enhanced Mr. Padilla-Batres sentence to 120 months in custody pursuant to 21 U.S.C. § 841(b)(1)(B).

**AFFIRMED.**

---

[1] In support of his argument, Mr. Padilla-Batres cited to portions of the Puerto Rico Rules of Criminal Procedure, which he alleged made "no reference to any of the . . . constitutional guarantees that are to be expressly waived at the time of sentencing." D.E. 31 at 6-7.  He further asserted that "the standard under Puerto Rican law for judging the validity of a plea could not be said to be based on the federal standard" because Puerto Rico's Penal Code contained influences from Argentinian and Italian law.  *See* Appellant's Br. at 14-15.  But this is pure conjecture. Mr. Padilla-Batres not only failed to provide a copy of the relevant provisions to the district court, he also admitted that he had trouble understanding the Puerto Rican Penal Code.  *See* D.E. 31 at 7 ("While the undersigned can read and speak Spanish, a review of the 1974 Puerto Rican Penal Code is extremely cumbersome and the undersigned was unable to locate any provision dealing with plea colloquies.").  Accordingly, these citations do little to advance his argument that the Puerto Rican court violated his constitutional rights during his plea proceedings in 1996.

5